**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CHRISTOPHER DEAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:16-CV-3002-N-BH |
| ) | |
| **D. OLSEN, Director of Phoenix** ) | |
| **House, et al.,** ) | |
| ) | |
| **Defendants.** ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

On October 27, 2016, the *pro se* plaintiff, a resident of the Dallas County Judicial Treatment Center, filed this civil rights action against personnel at the center. (*See* doc. 3.) By *Notice of Deficiency and Order* dated October 31, 2016, the plaintiff was specifically notified that he had not filed his complaint on the appropriate form, and he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) The order specifically advised the plaintiff that he must file his complaint on the proper form and either pay the filing fee or file his IFP application within thirty days, and that a failure to do so could result in the dismissal of his case. *Id.* The order also advised that he was required to notify the Court of any change of address, and that failure to do so could result in dismissal of the case. *Id.*

On November 14, 2016, the order mailed to the address provided by the plaintiff was returned as undeliverable. (*See* doc. 5.) The plaintiff filed a notice of change of address on

November 29, 2016, which reflected that he had been released from the treatment center. (*See* doc. 5.) By order dated December 5, 2016, the plaintiff was advised that because he filed his civil rights action while he was in custody, he was subject to the Prison Litigation Reform Act (PLRA), which requires that all prisoners who bring a civil action pay the full filing fee but allows those who are granted IFP status to pay the fee in installments. (*See* doc. 7.) Because he had been released, he was required to pay the full filing fee. (*Id.*) He was given 14 days to pay the full filing fee and to file his complaint on the proper form. (*Id.*) The order specifically warned that if he failed to comply, the action could be dismissed. (*Id.*) More than fourteen days from the date of the order have passed, but the plaintiff has not filed his complaint on the proper form, paid the filing fee, or filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the December 5, 2016 order that he file his complaint on the proper form and pay the filing fee despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

The plaintiff's case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless he files his complaint on the proper form and pays the filing fee within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 28th day of December, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE